Nov. Term, 1843.

HATCH
v.
DICKINSON.

---

HATCH *v.* DICKINSON.

If a person sue as payee on a promissory note so mutilated that the payee's name is illegible, he must prove that the note was made to him, that he had possession of it when he commenced the suit, and that it was mutilated under circumstances not affecting its validity.

Saturday, January 20, 1844.

ERROR to the *Elkhart* Circuit Court.

SULLIVAN, J.—Assumpsit by *Dickinson* against *Hatch.* The declaration contains two counts. The first is on an instrument in writing, whereby *Hatch* promised to pay to *Dickinson* 200 dollars "in property." The second is on a promissory note for 200 dollars. Plea, the general issue.

The cause was tried by the Court, and judgment given for the plaintiff below.

The first objection urged against the proceedings is, that the Court gave judgment on the first count, without evidence of the value of the property. The value of the property to be delivered was agreed on by the parties. The instrument declared on fixed the value at 200 dollars, and there was no need of further evidence to enable the Court to assess the damages on that count.

The second objection is, that the note offered in evidence under the second count did not support the allegations in that count. It appears from the bill of exceptions, that the note was mutilated so that a part only of the last syllable of the surname of the payee (*Dickinson,*) together with his christian name was legible; and the plaintiff below offered no additional evidence to prove that the contract was made 'with him as alleged in the declaration. This objection we think is well taken. The note should have been accompanied with evidence showing that it was made payable and delivered to the payee, that he had possession of it when he commenced the suit, and that it was mutilated under circumstances not affecting its validity. Without such proof, the evidence was not sufficient to support the plaintiff's action. The rule of evidence in such cases was laid down in the case of *Justus* v. *Cooper*, decided at the present term.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. H. Bradley*, for the plaintiff.
*J. W. Chapman*, for the defendant.