Wednesday, June 12.

GRAHAM *v.* WHITE.

JOHNSON and Another *v.* THE WABASH AND MOUNT VERNON PLANK-ROAD COMPANY.

The erasure of a writing does not, *per se*, prevent a suit upon it, as parol evidence is admissible to explain the circumstances and purpose of the erasure.

The organization of corporations for the purpose of constructing plank, McAdamized, or gravel roads, is a matter properly connected with the subject expressed in the title of the act of *May* 12, 1852, viz., " An act authorizing the construction of plank, McAdamized and gravel roads."

**390**          CASES IN THE SUPREME COURT

May Term, 1861.

JOHNSON
v.
THE WABASH,
&c. PLANK-
ROAD CO.

A person who has, in connection with others, subscribed stock upon articles preliminary to the organization of a corporation, can not afterward, without the consent of the other subscribers, withdraw his subscription.

Such subscriber may, perhaps, refuse to sign the articles of association, where the statute requires such articles to be signed and recorded, but the corporation having come into legal existence may collect his subscription to the preliminary articles.

Wednesday, June 12.

APPEAL from the *Wabash* Common Pleas.

PERKINS, J.—*The Wabash and Mount Vernon Plank-road Company* sued *E. L.* and *T. S. Johnson*, upon an alleged subscription of stock, and recovered. The company was organized under the general plank-road law, sometime after the *Johnsons* had subscribed, and after numerous other persons had subscribed; but before the organization of the corporation, the *Johnsons*, without the consent of the other subscribers, with a pen knife, so defaced their subscription as to render it partially illegible, but not to such an extent but that it could, though with difficulty, be read; and they did this with the intention of withdrawing the subscription. The remaining subscribers subsequently effected a legal corporate organization; and that organization sues the *Johnsons* upon their mutilated subscription.

The erasure of the subscription did not, *per se*, prevent a suit upon it. Ind. Dig., §§ 86, 166, pp. 204, 216. Explanatory parol evidence was admissible. *Hatch* v. *Dickinson*, 7 Blackf. 48.

The title of the act under which the company was organized is, " An act authorizing the construction of plank, McAdamized and gravel roads." Such roads in this State, we know historically, have almost uniformly been constructed by corporate associations; they have been the agents for the construction; and we think provisions furnishing legal and usual instrumentalities to accomplish a legal object, may be properly connected with that object, considered as a subject of legislation. 1 R. S., 394. The main point in this case is, whether the *Johnsons* could withdraw their subscription, the other subscribers not consenting; and we think they could not. The point has been directly decided in *Lake Ontario, &c. Railroad Company* v. *Mason*, 16 N. Y. Court of App. 451. We follow

that decision. And see *Heaston* v. *Fort Wayne and Cincinnati Railroad Company*, *ante*, p. 275. The subscriptions are upon a consideration, but the corporation can not be formed until the requisite number sign articles, which shall be recorded. We discover no error in the case.

May Term, 1861.

Perhaps any subscriber of stock upon preliminary articles, may refuse to sign the articles of association to be recorded, where the statute requires such second set of articles to be signed and recorded; and may thus cause delay in getting the requisite number of signers to such articles, and, to that extent, delay in bringing the corporation into existence; but when the requisite number of signers is obtained, the articles recorded, and the corporation thus created, such corporation may recover the subscription of stock made by such subscriber to the preliminary articles.

*Per Curiam.*—The judgment is affirmed, with 1 per cent. damages and costs.

*W. Z. Stuart, Orris Blake* and *L. H. Goodwin*, for the appellants.

*Pettit & Cowgill* and *Conner & Parish*, for the appellee.